ZANDER et al. v. SCHULTZE et al.

(Court of Civil Appeals of Texas. San Antonio. March 27, 1912.)

BOUNDARIES (§ 47*)—EQUITABLE ESTOPPEL.

Where grantors, when they sold land, particularly pointed it out to grantee as extending to certain fences and corners, thereby inducing the grantee to purchase, grantors were estopped from thereafter asserting title in the land included within the boundaries pointed out, even if the boundaries described in the deed did not include such land.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 227–231; Dec. Dig. § 47.*]

Error from District Court, Bexar County; J. L. Camp, Judge.

· Action by Adolph Zander and others against Otto Schultze and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

The following is the map referred to in the opinion:

answered by plea of not guilty, disclaimer as to part of the lands sued for, title by 10 years' limitations, and prayed, also, for injunction against molestation by plaintiffs. By supplemental petition, plaintiffs claimed compensation for improvements made·in good

I. B. Henyan, of San Antonio, for plaintiffs in error. Webb & Goeth, of San Antonio, for defendants in error.

JAMES, C. J. The petition of plaintiffs in error was in trespass to try title to two strips of land, as indicated on the attached sketch. Plaintiffs claimed a fee-simple title and title by 10-year limitations. They alleged that the lands sued for were now in their possession, that they are adjacent to and open out upon the end of Walnut street and the track of the Galveston, Harrisburg & San Antonio Railway Company, and are of especial value to plaintiffs in the use thereof for warehouse and trackage purposes in connection with other land adjacent thereto and owned by plaintiffs, that defendants Otto, Carl, and Paul Schultze are threatening to take possession of said lands by force and to eject plaintiffs therefrom, to their great and irreparable loss, etc., and prayed for a temporary injunction, to be made permanent on the trial. Defendants, by amended pleading,

faith. By supplemental answer, defendants denied the allegation of the supplemental petition. The cause was tried by the judge, with judgment for the defendants.

The controlling facts of this case, as we understand them, are substantially as follows:

In June, 1877, August Zander, Sr., and his wife, Fredericka, acquired a tract of about ten acres from Ryan and Gallagher. They had three sons, August, Jr., Julius, and Adolph Zander. August Zander, Sr., died in 1908, and his widow, Fredericka, is one of the parties plaintiff herein. On February 9, 1897, they deeded to their son August west three acres of their ten-acre tract, reciting in the description of the three acres: "And this said three-acre tract herein conveyed being bounded east by the west line of another three-acre tract of land which this day has been deeded by grantors to Julius Zander."

On March 18, 1910, August Zander and wife contracted to sell to defendant Schultze said

three acres, describing same "to be taken off the west side of the Zander tract of land in such manner that the three acres will be bounded north by the north line of the land owned by me in said block; south by the south line of the land owned by me in said block; west by the west line of said 'land and east by a line sufficiently distant from the west line to make the three acres. The land sold being the same shown on the attached plat made a part hereof and being the west three acres of the 10 acres of land sold by Peter Gallagher and Alicia Ryan to August Zander by deed recorded in Bexar county."

On April 1, 1910, August Zander and wife executed a deed to Otto, Carl, and Paul Schultze, conveying to them 3 acres, being the same sold and conveyed to August Zander, Jr., by deed from August and Fredericka, dated February 9, 1897, and giving field notes thereof, which plaintiffs claim do not extend to take in the strips on the north and west side of the tract. Soon after August Zander, Sr., and his wife purchased from Gallagher and Ryan in 1878, they inclosed the entire tract with a fence, which included the lands sued for, as their land. These fences are known as the old Zander fences.

On February 9, 1897, the same day they deeded to August Zander, Jr., they deeded to their son Julius the middle three acres, reciting that it was bounded west by the three acres sold to August Zander, Jr., and east by the remaining 4¼ acres still owned by the grantors.

August Zander, Sr., died, leaving his property to his widow, Fredericka. By deed dated July 19, 1909, she conveyed to her son Adolph four acres, more or less, of said ten-acre tract. This deed recited that there had been conveyed to the two sons, August, Jr., and Julius, three acres of the tract conveyed by Gallagher and Ryan as their portion of this tract and of any community property that might be coming to them, or either of them, respectively; and that, whereas she, Fredericka Zander, now owns and holds about four acres, more or less, of said ten-acre tract, and wished to dispose of it, so as to equalize the portions of her sons, as near as may be, she makes this conveyance to her son Adolph.

On August 24, 1877, August Zander, Sr., and Henry Koerber, who owned the tract in the Cook survey west of the three acres afterwards deeded to August Zander, Jr., had an agreement, reciting that their lands joined.

The proof is ample, if not undisputed, that August Zander, Jr., had his home at the northwest corner of the three acres, and partly upon the land in controversy; and that ever since he went there, which was immediately after his parents made him the deed to the west three acres of the tract, he has occupied it all with his family as his home, and used and cultivated it all up to the fences, and under circumstances that would entitle him to it all up to the fences by the ten-year statute of limitations. After he and his wife deeded to Schultze, he removed the house within six months thereafter, according to a reservation in the deed; and with this exception he delivered possession to defendants of all the lands up to the fences. There was testimony upon which the court found and could properly find that the lands up to the fences was included in the deeds to August Zander and from August Zander to the Schultzes.

The situation is this: If the strips in controversy were not in fact conveyed by the terms of the deed from August, Sr., and wife to August, Jr., the title thereto remained in the grantors, and was in plaintiff Fredericka Zander under the will of August, Sr.; and plaintiff Adolph claims this went to him by the deed from his mother. However, as both Adolph and his mother were plaintiffs, it is immaterial which of them holds such title.

It was the undisputed evidence that when August Zander, Jr., and wife sold to the Schultzes, they particularly represented and pointed out the land they were selling as extending to the fences, exhibiting corners, etc.; and it appears, also, that these representations were material to and induced the sale, and but for them the defendants, who relied on the representations, would not have bought any of the land. Defendants testified that the strips were the real inducement to their purchase, and plaintiffs themselves alleged and proved that the strips were adjacent and gave connection with the railroad, and were of especial value in the use thereof for warehouse and other purposes in connection with the land.

The court found, among other things, that defendant had good title by the statute of limitations of 10 years. This would be true upon the finding of fact that the deed to defendants embraced the strips in question. Outside of that finding, however, we are of opinion that they showed themselves entitled to claim the benefit of any title that August Zander, Jr., and wife, their grantors, had.

August Zander, Jr., and wife could not, in view of their said conduct concerning the boundaries of the land they were selling to defendants, under the circumstances shown, have asserted title against them to these strips, even upon the theory that the lines, as given in the description of the deed they executed, did not in fact extend that far. In other words, they were estopped from asserting against them such a claim. Pardue v. James, 74 Tex. 299, 12 S. W. 1. Defendants obtained, by reason of the deed and such conduct, what was in effect a title against them by estoppel to said strips. This gave defendants the right to assert any title August Zander, Jr., had acquired to the strips. He had acquired a limitations title

thereto, as found by the court; and the court was authorized by the testimony to make such finding.

If, in fact, as claimed by plaintiffs, the north and west lines of the 10-acre tract did not extend to the line where Zander, Sr., put his fences, and these strips are outside of the tract, and the deed to August Zander, Jr., did not embrace said strips, for the reason that said strips were outside of the Cook tract, plaintiffs showed no title to same, unless they had a title by limitations, which they claimed in this petition. The court found that they had no such title, and that finding is likewise supported by the testimony.

In view of these conclusions, we overrule all of the assignments of error, and affirm the judgment.